UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK M. AVILA, SR., | No. C 06-6913 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SERGEANT TURNER; et al., | |
| Defendant. | |

## INTRODUCTION

Frederick M. Avila, Sr., currently a prisoner at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have moved to dismiss on the ground that Avila failed to exhaust administrative remedies before filing the action. Avila has opposed the motion and also has moved for an order permitting him to contact witnesses about the merits of his claims. The action will be dismissed because administrative remedies were not exhausted before it was filed.

## BACKGROUND

In his complaint in this action, Avila alleges that the five defendants were deliberately indifferent to his serious medical needs on November 8 and 30, 2005, in the course of transporting him to two different prisons after back surgery in October 2005.

Avila filed an inmate appeal that related to one or both of the claims raised in the complaint. On January 18, 2006, he filed an inmate appeal complaining about back pain due to the cold weather and about the November 8, 2005 transportation from New Folsom to Pelican Bay. He requested that he "get the right medical attention" and that he be seen by a

1 surgeon. Opposition, Exh. A, § B.   The informal level response by nurse Bree on January
2 30, 2006, stated that Avila would be referred back to his "surgeon via telemedicine for
3 further attention." Opposition, Exh. A, § C.  Avila filled out the part of the form to pursue
4 his appeal to the first formal on April 5, 2006 and submitted it.  Id. § D.  The form shows no
5 response at the first level or the second level.  See id. § E, § G (both blank).  Avila filled out
6 the section to appeal to the director's level on May 18, 2006, and stated that he was "still
7 dissatisfied."  Id. § H.  The responses from various CDCR personnel show that his appeal
8 never received a director's level decision.  The director's level inmate appeals branch sent
9 Avila's inmate appeal back on July 16, 2006, with a letter stating that the inmate had to
10 complete his inmate appeal through the second level before he sought review at the director's
11 level, and Avila had not done so.  Opposition, Exh. A, p. 5.  The screening form dated
12 September 19, 2006, states that Avila's inmate appeal was rejected as an abuse of the appeal
13 process/right to appeal due to Avila's lack of cooperation.  Opposition, Exh. A, p. 7.  In the
14 comment portion of the form, the inmate appeals coordinator wrote, "your appeal was unable
15 to be processed as you were instructed on 4-11-06 and 5-1-06 to attach supporting
16 documentation to your appeal.  You removed those instructions from your appeal and refused
17 to attach the requested documentation."  Id.  Avila did nothing further to pursue his appeal
18 after it was screened out on September 19, 2006.  Avila argues now that he did not know
19 what was expected of him to pursue his appeal, but provides no evidence that he attempted to
20 clarify or understand the nature of the procedural deficiency that had caused his inmate
21 appeal to be screened out by the inmate appeals coordinator.

## DISCUSSION

23 "No action shall be brought with respect to prison conditions under [42 U.S.C. §
24 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
25 correctional facility until such administrative remedies as are available are exhausted." 42
26 U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to
27 appeal administratively "any departmental decision, action, condition or policy perceived by

those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 126 S. Ct. at 2387.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Avila did not exhaust the administrative remedies available to him. His inmate appeal never received a director's level decision because it was screened out at the first level. He argues that his non-exhaustion should be excused because he did not understand what was

3

1 asked of him. This argument fails. First, the sincerity of his "I don't understand" argument is
2 doubtful, as the inmate appeals coordinator wrote on September 19, 2006, that Avila had
3 removed two earlier sets of instructions that had been attached when his inmate appeal was
4 screened out the first two times, and Avila had not complied with the instruction to attach the
5 requested documentation. The record is much more suggestive of an inmate's refusal to
6 follow rules than genuine confusion about what the rules required. Avila's removal of the
7 earlier instructions from the appeal packet he submitted to the court prevents the court from
8 determining that the instructions were unusually unclear or asking an inmate for unobtainable
9 documentation. Second, as defendants point out, the record does not include any credible
10 evidence that Avila sought further guidance to resolve his alleged confusion. Avila stopped
11 pursuing the matter when his inmate appeal was screened out at the first level on September
12 19, 2006. The court will not excuse the administrative exhaustion requirement for Avila.

13 Avila argues in his opposition brief that seeking monetary damages in an inmate
14 appeal would be useless. To the extent that Avila contends that he did not need to pursue an
15 inmate appeal because he sought monetary relief, that issue was resolved adverse to his
16 position long ago. See Booth v. Churner, 532 U.S. at 734 (even when the relief sought
17 cannot be granted by the administrative process, e.g.., monetary damages, a prisoner must
18 still exhaust administrative remedies).

19 The prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or
20 otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126
21 S. Ct. at 2382. He must complete the administrative review process in accordance with the
22 applicable procedural rules, including deadlines, as a precondition to bringing suit in federal
23 court. See id. at 2384. Avila did not. His inmate appeal at the first level was rejected for a
24 procedural defect and he never received a director's level decision, as required for exhaustion
25 of administrative remedies by a California prisoner. Defendants have carried their burden to
26 prove that Avila did not satisfy the exhaustion requirement with regard to his Eighth
27 Amendment claim against defendants. The action must be dismissed without prejudice.
28

4

**CONCLUSION**

Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 18.) This action is dismissed without prejudice.   In light of the dismissal of this action for non-exhaustion, plaintiff's motion for permission to contact other inmates who may have witnessed the incidents that are the subject of the complaint is DENIED as moot. (Docket # 26.)   The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 5, 2008

_____
Marilyn Hall Patel
United States District Judge